Gabriel V. Kory, AZ #022536
Jeffrey B. Miller, AZ #009771
MILLER KORY ROWE LLP
650 North Third Avenue
Phoenix, AZ 85003
Telephone: (602) 648-4045
Facsimile: (602) 374-8101
gabe@mkrfirm.com
jeff@mkrfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria De Los Angeles Vidal Luna, through Emily B. Kile, as Conservator; Adrian Nevarez Ponce, individually and as natural father and Conservator of K.I.N.; and Beatriz Duron,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America, Department of Health and Human Services, a body politic,<br><br>Defendant. | Case No. CV-20-08101-PCT-GMS<br><br>**COMPLAINT (REDACTED)**<br><br>FEDERAL TORT CLAIMS ACT<br>(Medical Malpractice) |

Plaintiffs Maria de los Angeles Vidal Luna, by and through her Limited Conservator, Emily B. Kile, Adrian Nevarez Ponce, individually and on behalf of minor K.I.N., and Beatriz Duron, through undersigned counsel, for their Complaint against Defendant allege as follows:

1. Plaintiff Maria de los Angeles Vidal Luna (hereinafter referred to as "Angeles Vidal") is, and was at all times relevant herein, a resident of Yavapai County, Arizona.

2. Plaintiff Adrian Nevarez Ponce (hereinafter "Adrian Nevarez") is the husband of Plaintiff Angeles Vidal. Plaintiff Adrian Nevarez is, and was at all times relevant herein, a resident of Yavapai County, Arizona.

3. Plaintiff K.I.N. is the natural daughter of Plaintiffs Angeles Vidal and Adrian Nevarez. Plaintiff K.I.N. is, and was at all times relevant herein, a resident of Yavapai County, Arizona.

4. Plaintiff Beatriz Duron (hereinafter "Duron") is the natural mother of Plaintiff Angeles Vidal. Plaintiff Duron is, and was at all times relevant herein, a resident of Yavapai County, Arizona.

5. This is an action for money damages for injuries caused by the negligent acts or omissions of employees and/or agents of the United States of America while acting in the scope of their office, employment or agency. Defendant United States of America is the proper party to this action, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*.

6. The defendant United States of America is liable to Plaintiffs in the same manner and to the same extent as Community Health Center of Yavapai (hereinafter referred to as "CHCY"), its agents, servants, and/or employees, including but not necessarily limited to Harry Gale, D.O. (hereinafter "Dr. Gale"), Jane B. Chapman, P.A. (hereinafter "P.A. Chapman") and Samantha Johnston, C.P.A. (hereinafter "P.A. Johnston"), all of whom provided medical care to Plaintiff Angeles Vidal, beginning approximately February 22, 2017 through July 5, 2017, had Plaintiffs been allowed to bring their claims under Arizona law for the care and treatment more fully described below.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1346(b) inasmuch as it is a claim arising against the United States under the Federal Tort Claims Act.

8. Venue is appropriate under 28 U.S.C. §1402(b) as all alleged acts, omissions, injuries and damages occurred in this judicial district.

9. Plaintiffs have exhausted their administrative remedies, and satisfied the provisions of U.S.C. §1346(b) and 2671 et seq. by filing the "SF95" as to each individual Plaintiff. The facts and theories contained herein were raised in the notice given to the United States Department of Health and Human Services. The claims were denied and this Complaint is timely filed thereafter.

10. Defendant United States of America is a body politic and governmental entity that, through its Department of Health and Human Services, owned, operated, controlled and/or contracted with the Community Health Center of Yavapai. CHCY is a Health Center Program grantee under 42 U.S.C. 254b, and it and its employees are deemed Public Health Service employees under 42 U.S.C. 233(g)-(n).

11. Dr. Gale is a doctor of osteopathic medicine, board certified in internal medicine, licensed and/or registered as a health care provider by the State of Arizona at the time of the events in question, who provided general medical and gynecological care and treatment to Plaintiff Angeles Vidal, beginning approximately February 22, 2017 through July 5, 2017, at and under the supervision of Defendant CHCY.

12. P.A. Chapman is a physician assistant, licensed and/or registered as a health care provider by the State of Arizona at the time of the events in question, and provided general medical and gynecological care and treatment to Plaintiff Angeles Vidal, beginning approximately February 22, 2017 through July 5, 2017, at and under the supervision of CHCY.

13. P. A. Johnston is a certified physician assistant, licensed and/or registered as a health care provider by the State of Arizona at the time of the events in question, and provided general medical and gynecological care and treatment to Plaintiff Angeles Vidal, beginning approximately February 22, 2017 through July 5, 2017, at and under the supervision of CHCY.

14. The acts complained of herein occurred within Yavapai County, State of Arizona. Upon information and belief, all of the healthcare providers mentioned herein reside in Arizona.

15. Plaintiffs allege that the defendant United States of America is legally responsible for the events described in this Complaint, and therefore, proximately caused injury and damages to Plaintiffs as alleged herein.

## **COUNT ONE**

### **(Medical Negligence)**

16. Plaintiffs incorporate as if fully stated herein the allegations of all previous and subsequent paragraphs of this Complaint.

17. On or about February 22, 2017, Plaintiff Angeles Vidal presented to Dr. Gale and CHCY for follow-up care regarding a recently molar pregnancy in which she underwent a dilation and curettage (D&C) on February 8, 2017. During the visit, Angeles Vidal complained of nausea. Nausea is a known symptom of a potential complication following the evacuation of a molar pregnancy.

18. Dr. Gale was aware that an obstetrical consultation had been recommended and that choriocarcinoma could not be excluded based on the sonogram in his file. Dr. Gale did not order beta hCG blood level tests or perform any other exams necessary for post molar

pregnancy patients; nor did he refer Angeles Vidal back to her obstetrician, Robert H. Jochim, M.D. Instead, Dr. Gale assumed primary care responsibility and prescribed ondansetron, a common anti-nausea medication. Nothing regarding the risk of choriocarcinoma was communicated to Angeles Vidal. None of the proper follow-up following the evacuation of a molar pregnancy was performed. These acts and omissions were not discretionary and fell below the applicable standard of care.

19. On or about February 28, 2017, Angeles Vidal again presented to CHCY. On this visit, she was seen by P.A. Chapman, for an annual gynecological visit and family planning. According to P.A. Chapman's records, she was aware of Angeles Vidal's molar pregnancy and D&C. Upon information and belief, P.A. Chapman also had access to Angeles Vidal's sonogram report which included a recommendation for an obstetrical follow-up and a warning that choriocarcinoma could not be ruled out. No gynecological exam was performed. No beta hCG blood levels were ordered or inquired about. Angeles Vidal was given birth control pills and an appointment for a future gynecological exam was scheduled for November 2018. Nothing regarding risk of choriocarcinoma was communicated to Angeles Vidal. None of the proper follow-up care following the evacuation of a molar pregnancy was performed. These acts and omissions were not discretionary and fell below the applicable standard of care.

20. On or about March 16, 2017, Plaintiff Angeles Vidal presented to Defendant CHCY complaining of painful urination. She was seen and evaluated by P.A. Johnston, a Certified Physician Assistant. After examining Angeles Vidal, P.A. Johnston concluded that Angeles Vidal was suffering from a urinary tract infection and prescribed the antibiotic Sulfamethoxazole. Angeles Vidal's urinalysis results indicated that her urine was bloody.

Page 5 of 11

MILLER KORY ROWE LLP
650 North Third Avenue
Phoenix, Arizona 85003
Telephone: (602) 648-4045 / Fax: (602) 374-8101

According to P.A. Johnston's notes, she was aware of Mrs. Vidal's recent molar pregnancy and D&C. She was also aware of the sonogram report recommending an obstetric follow-up and that choriocarcinoma could not be ruled out. No beta hCG blood levels were ordered or inquired about. No physical exam was performed. Nothing regarding the risk of developing choriocarcinoma was communicated. None of the proper follow-up following the evacuation of a molar pregnancy was performed. These acts and omissions were not discretionary and fell below the applicable standard of care.

21. On or about March 21, 2017, Angeles Vidal was again evaluated by Dr. Gale at CHCY. According to Dr. Gale's records: "Patient has some vague abdominal pain. Recently had molar pregnancy. Still is having some difficulty after that. Recently was treated for UTI and still has dysuria." Despite the acknowledgement that Angeles Vidal still had complications and difficulty following her molar pregnancy, Dr. Gale ordered no tests, laboratories, or examinations that would have uncovered the choriocarcinoma she was undoubtedly suffering from. No referral was made. Nothing regarding the risk of developing choriocarcinoma was communicated. These acts and omissions were not discretionary and fell below the applicable standard of care.

22. On or about March 30, 2017, Angeles Vidal was evaluated by P.A. Johnston. Again, no inquiry regarding Mrs. Vidal's molar pregnancy or her recovery was made and no tests were ordered. These acts and omissions were not discretionary and fell below the applicable standard of care.

23. On or about May 16, 2017, Angeles Vidal was again evaluated by P.A. Chapman with complaints of constant vaginal bleeding. Such bleeding is a well-known indication of complication following molar pregnancy. No gynecological exam was

Page 6 of 11

performed. No labs were ordered or inquired about. Nothing regarding the risk of developing choriocarcinoma was communicated to Angeles Vidal. None of the proper follow-up following the evacuation of a molar pregnancy was performed. These acts and omissions were not discretionary and fell below the applicable standard of care.

24. On or about June 19, 2017, Angeles Vidal was evaluated for the third time by Dr. Gale. She presented with fatigue, palpitations, weakness, nausea and vomiting. Angeles Vidal was also severely anemic because she had been bleeding for weeks. Dr. Gale did not physically examine Angeles Vidal. He did not order hCG testing. Dr. Gale did not send Angeles Vidal to the hospital. Dr. Gale failed to appreciate his patient's critical condition or inform her of the possibility that she was suffering from choriocarcinoma which had spread to her lungs and brain. None of the proper follow-up care following the evacuation of a molar pregnancy was performed. These acts and omissions were not discretionary and fell below the applicable standard of care.

25. Upon information and belief, on or about June 20, 2017, Plaintiff Angeles Vidal presented to Verde Valley Medical Center as instructed. A beta hCG was obtained and the results were 937,816.0. An obstetrical ultrasound was also obtained and revealed a retained molar pregnancy.

26. Upon information and belief, on or about June 21, 2017, Angeles Vidal underwent a dilation and curettage performed at Verde Valley Medical Center.

27. Upon information and belief, on or about June 23, 2017, pathology results of the June 21, 2017 dilation and curettage revealed a diagnosis of choriocarcinoma.

28. On or about July 6, 2017, Angeles Vidal presented to Verde Valley Medical Center's Emergency Room with complaints of a headache, migraine, vomiting, and blurred

vision in her left eye. She was diagnosed with a 3.0 x 3.8 hematoma in the left occipital lobe with mild local mass effect, 8 mm thick left frontal-temporal subdural hematoma, posterior left parafalcine subdural hematoma the extended over the left tentorium and moderate mass effect with up to 11 mm maximal rightward shift of midline structures.

29. On or about July 7, 2017, Angeles Vidal was air lifted to St. Joseph's Hospital and Medical Center in Phoenix, Arizona, where she was diagnosed with metastatic choriocarcinoma. She subsequently underwent a craniotomy for evacuation of the subdural hematoma and sustained permanent impairment and injuries.

30. The injuries sustained by Plaintiffs occurred as a direct and proximate result of the negligence, misconduct, errors and/or omissions in rendering obstetrical and gynecological care to Angeles Vidal from February 22, 2017 through July 6, 2017 as outlined above at CHCY. These healthcare providers, in providing medical care, were negligent in that they failed to exercise the degree and care, skill and learning expected of reasonable and prudent health care providers in the profession or class to which each belongs within the state acting in the same or under similar circumstances. That failure was the proximate cause of Plaintiffs' injuries and damages for which the United States of America is responsible.

31. As a further proximate result of the negligence, misconduct, errors and/or omissions of the healthcare providers and CHCY described above, Plaintiff Angeles Vidal suffered and continues to suffer severe injuries, incurred and continues to incur medical, rehabilitative, and other expenses, for the care, treatment and services for Plaintiff Angeles Vidal in an amount to be proven at trial. Medical expenses thus far have been in excess of

MILLER KORY ROWE LLP
650 North Third Avenue
Phoenix, Arizona 85003
Telephone: (602) 648-4045 / Fax: (602) 374-8101

1  $1,000,000.00 and future medical expenses are estimated at $23,794,709.00 with a present value of $14,964,815.00.

32. As a further proximate result of the severe injuries suffered by Plaintiff Angeles Vidal, Plaintiff Adrian Nevarez incurred and continues to incur medical, rehabilitative, and other expenses, for the care, treatment and services for Plaintiff Angeles Vidal in an amount to be proven at trial as well as the present value of household services of $1,430,059.00.

33. As a further direct and proximate result of the foregoing, Plaintiff Adrian Nevarez has and will be deprived of the pleasures of the husband/wife relationship with his wife, Plaintiff Angeles Vidal, all to his damage and detriment. As a further direct and proximate result of the acts and omissions outlined herein, Plaintiff Adrian Nevarez has suffered emotional distress.

34. As a further direct and proximate result of the foregoing, Plaintiff K.I.N. has and will be deprived of the pleasures of the mother/daughter relationship with her mother, Plaintiff Angeles Vidal, all to her damage and detriment. As a further direct and proximate result of the acts and omissions outlined herein, Plaintiff K.I.N. has suffered emotional distress.

35. As a further direct and proximate result of the foregoing, Plaintiff Beatriz Duron has and will be deprived of the pleasures of the mother/daughter relationship with her daughter, Plaintiff Angeles Vidal, all to her damage and detriment. As a further direct and proximate result of the acts and omissions outlined herein, Plaintiff Beatriz Duron has suffered emotional distress.

MILLER KORY ROWE LLP
650 North Third Avenue
Phoenix, Arizona 85003
Telephone: (602) 648-4045 / Fax: (602) 374-8101

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, each of them, including:

A. For special damages in an amount as found to be fair, reasonable and adequate including, but not limited to, expenses for medical care, therapy, medications, surgery, services, equipment, and any and all other special damages found to be fair, reasonable and necessary by this Court.

B. For general damages in an amount found to be fair and reasonable by this Court at the trial of this case including, but not limited to, the disability, disfigurement, and loss of enjoyment of life suffered by Plaintiff Angeles Vidal.

C. For such other sums which are reasonable and necessary to fairly and adequately compensate Plaintiffs for all past, present, and future special and general damages.

D. For Plaintiffs' costs incurred herein.

E. For any such other relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 29th day of April, 2020.

**MILLER KORY ROWE LLP**

By */s/Gabriel V. Kory*
Gabriel V. Kory
Jeffrey B. Miller
650 North Third Avenue
Phoenix, Arizona 85003
*Attorneys for Plaintiffs*

**ORIGINAL** of the foregoing was electronically filed this 29th day of April, 2020, with:

United States District Court
District of Arizona

By:*/s/Sharon Maggio*

MILLER KORY ROWE LLP
650 North Third Avenue
Phoenix, Arizona 85003
Telephone: (602) 648-4045 / Fax: (602) 374-8101