MICHAEL BAILEY
United States Attorney
District of Arizona

ELIZABETH K. SICHI
Assistant U.S. Attorney
Illinois State Bar No. 6271368
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
E-Mail: Elizabeth.Sichi@usdoj.gov
*Attorney for United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria De Los Angeles Vidal Luna, through Emily B. Kile, as Conservator, Adrian Nevarez Ponce, individually and as natural father and Conservator of Kenya Ivanna Nevarez; and Beatriz Duron,<br><br>Plaintiffs,<br>v.<br><br>United States of America, Department of Health and Human Services, a body politic,<br><br>Defendant. | Case No.: 3:20-CV-08101-GMS<br><br>**DEFENDANT UNITED STATES' ANSWER TO COMPLAINT** |

The United States of America ("Defendant"), by and through its undersigned counsel, hereby responds to Plaintiffs' Complaint. To the extent not specifically admitted below, the allegations are denied. Answering specifically the numbered paragraphs of the Complaint and utilizing the same paragraph numbering, Defendant responds as follows:

1. Upon information and belief, Defendant admits the allegations of paragraph 1.

2. De Defendant is without sufficient information to form a belief as to the truth

of the allegations of paragraph 2 and therefore denies the same.

3. Upon information and belief, Defendant admits the allegations of paragraph 3.

4. Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the same.

5. Paragraph 5 constitutes a characterization of the complaint to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action pursuant to the FTCA and that the United States is the sole proper defendant in actions brought pursuant to the FTCA. Defendant denies the remaining allegations in paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is required. All allegations and inference of negligence are denied, as is any inference that the identified providers were Angeles Vidal's sole providers or that they cared for her exclusively or continuously during the entire period of time alleged.

7. Paragraph 7 consists of statements of jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiffs purport to bring this action pursuant to the FTCA, that the United States is the sole proper defendant in actions brought pursuant to the FTCA, and that district courts have jurisdiction over claims brought against the United States pursuant to the FTCA.

8. Paragraph 8 states a legal conclusion to which no response is required.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, admitted that Plaintiff filed three SF-95s on June 13, 2019 and that such claims were denied on November 6, 2019.

10. Defendant admits that in 2017 YCCHS/CHCY and its employees were deemed eligible for FTCA coverage by the Secretary of HHS pursuant to FSHCAA.

11. Defendant admits that Dr. Gale is a doctor of osteopathic medicine, board certified in internal medicine, and licensed and/or registered as a health care provider in the State of Arizona in 2017 and that he provided general medical care to Plaintiff Angeles Vidal,

including on February 22, 2017. Defendant denies that Dr. Gale cared for Plaintiff on July 5, 2017, or that he cared for her from February 22, 2017, through July 5, 2017. Defendant is without sufficient knowledge or belief to form a belief about the truth of the remaining allegations of paragraph 11 and therefore denies the same.

12. Defendant admits that, P.A. Chapman is a physician assistant, licensed and/or registered as a health care provider by the state of Arizona in 2017 and that she provided general medical care and treatment to Plaintiff Angeles Vidal on February 28, 2017, and May 16, 2017. Defendant denies that Ms. Chapman provided care beginning February 22, 2017 through July 5, 2017. Defendant is without sufficient information to form a belief about the truth of the remaining allegations of paragraph 12 and therefore denies the same.

13. Defendant admits that P.A. Johnston is a certified physician assistant, licensed and/or registered as a health care provider by the state of Arizona in 2017 and that she provided general medical care and treatment to Plaintiff Angele Vidal on March 16, 2017, and March 30, 2017. Defendant denies that Ms. Chapman provided gynecological care and treatment to Plaintiff and denies that she provided care and treatment beginning February 22, 2017, through July 5, 2017. Defendant is without sufficient information to form a belief about the truth of the remaining allegations of paragraph 13 and therefore denies the same.

14. Upon information and belief, Defendant admits the locations alleged in paragraph 14 in but denies that all of the allegations in the Complaint are true and denies all allegations and inferences of negligence.

15. Defendant admits that Plaintiffs so allege but denies that Dr. Gale, PA Chapman and PA Johnston were negligent and denies that they proximately caused injury or damages to the Plaintiffs.

16. Defendant incorporates by reference its responses to the above paragraphs as if fully set forth herein.

17. Defendant admits that Plaintiff Angeles Vidal presented to Dr. Gale at CHCY on February 22, 2017, and that the records state that the reason for the visit was "molar

pregnancy." Defendant is without sufficient information to form a belief about the truth of the remaining allegations of paragraph 17 and therefore denies the same.

18. Defendant is without sufficient information to form a belief about the truth of the first and second sentence of paragraph 18 and therefore denies the same. Defendant denies the remaining allegations in paragraph 18, except that Dr. Gale did prescribe ondansetron on February 22, 2017. Defendant denies all allegations and inferences of negligence.

19. Defendant admits that Plaintiff presented to CHCY on February 28, 2017, and was seen by P.A. Chapman. The medical treatment was as indicated in the medical records. Defendant admits that the medical records indicate that Plaintiff presented for an "Annual visit and Family Planning Mgt." Defendant is without sufficient information to form a belief about the truth of the remaining allegations of paragraph 19 and therefore denies the same. Defendant denies all allegations and inferences of negligence.

20. Defendant admits that Plaintiff presented to PA Johnston on March 16, 2017, at CHCY. The medical treatment was as indicated in the medical records. Defendant denies all allegations and inferences of negligence. Defendant is without sufficient information to admit or to form a belief about the truth of the remaining allegations of paragraph 20 and therefore denies the same. Defendant denies all allegations and inferences of negligence.

21. Defendant admits that Plaintiff presented to Dr. Gale at CHCY on March 21, 2017 and that the records state "[p]atient has some vague abdominal pain. Recently had a molar [sic] pregnancy. Still is having some difficulty after that. Recently was treated for UTI and still has dysuria." Defendant denies the last sentence of paragraph 21. Defendant is without sufficient information to form a belief about the truth of the remaining allegations of paragraph 21 and therefore denies the same.

22. Defendant admits only that Plaintiff presented to P.A. Johnston on March 30, 2017. Defendant denies the last sentence of paragraph 22. Defendant is without sufficient information to form a belief about the truth of the remaining allegations of paragraph 22 and therefore denies the same.

23. Defendant admits only that Plaintiff presented to P.A. Chapman on May 16, 2017, and that the records state that she "stopped taking Aubra 5 days ago because she was having constant bleeding . . . ." Admitted that no labs were ordered. All allegations and inferences are denied, including the last sentence of paragraph 23. Defendant is without sufficient information to form a belief about the truth of the remaining allegations of paragraph 23 and therefore denies the same.

24. Defendant admits that Plaintiff presented to Dr. Gale on June 19, 2017. Admitted that the record states that she presented with complaints of fatigue and nausea and vomiting and that the record also references palpitations and weakness. Defendant admits, upon information and belief, that no hCG testing was done on June 19. All allegations and inferences of negligence are denied, including the last sentence of paragraph 24. Defendants is without sufficient information to admit or deny the remaining allegations of paragraph 24.

25. Defendant is without sufficient information to form a belief about the truth of the allegations of paragraph 25 and therefore denies the same.

26. Defendant is without sufficient information to form a belief about the truth of the allegations of paragraph 26 and therefore denies the same.

27. Defendant is without sufficient information to form a belief about the truth of the allegations of paragraph 27 and therefore denies the same.

28. Defendant is without sufficient information to form a belief about the truth of the allegations of paragraph 28 and therefore denies the same.

29. Defendant is without sufficient information to form a belief about the truth of the allegations of paragraph 29 and therefore denies the same.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

The next unnumbered paragraph constitutes Plaintiffs' prayer for relied. Defendant denies that Plaintiffs are entitled to any relief in this action.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' recovery may be diminished or barred by the comparative fault of Plaintiff Angeles Vidal and/or the fault of non-parties, including the medical negligence of Dr. Robert Jochim.

2. If Defendant is found liable to Plaintiffs, which liability is expressly denied, Defendant is entitled to have the award against it abated, reduced or eliminated to the extent that Plaintiff failed to mitigate her damages.

3. To the extent that Plaintiffs have or will receive any payments or the benefit of any payments for any alleged injuries from any government source, any finding of liability, which is expressly denied, and any resulting damages award, is subject to set-off.

4. Defendant may have further and additional defenses which are not yet known but which may become known through future discovery.  Defendant asserts herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully prays that the Court:

A. Deny any relief requested in the Complaint and dismiss Plaintiffs' Complaint with prejudice;

B. Apportion all liability for damages, if any, to parties other than the United States; and

C. Award the United States its costs and other such relief as is just and proper.

RESPECTFULLY SUBMITTED this 27th day of July, 2020.

                      MICHAEL BAILEY
                      U.S. Attorney
                      District of Arizona

                      *s/Elizabeth K. Sichi*
                      Elizabeth K. Sichi
                      Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gabriel V. Kory
Jeffrey B. Miller
MILLER KORY ROWE LLP
650 North Third Ave.
Phoenix, Arizona 85003
*Attorneys for Plaintiff*

*s/Cathy Cuttitta*
United States Attorney's Office